IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHAQUERE MYLESHIA GRAY and**  **PLAINTIFF**
**HANNAH LASHA HOZE**
*Co-Administratrices of the Estate of Gregory Tramaine Miller*

v.  CIVIL ACTION NO. 2:16-cv-25-KS-MTP

**ALABAMA GREAT SOUTHERN RAILROAD COMPANY**  **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Motion to File Intervention [65] filed by the law firm of Davis, Saunders, Miller & Oden PLC ("DSMO"). Having considered the Motion [65] and the record, the Court finds that the Motion [65] should be denied.

This action arises from the death of Gregory Tramaine Miller, who was allegedly killed as a result of an accident which occurred while he was working as an employee of Defendant Alabama Great Southern Railroad Company. *See* Complaint [1]. On September 22, 2015, the Wayne County Chancery Court appointed Miller's mother, Mona Shea Miller, as adminstratrix of the Estate of Gregory Tramaine Miller. *See* Exhibit [54-1]. Thereafter, Mona Shea Miller, represented by DSMO, filed this wrongful death action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*.

In late 2015, it was determined that the decedent was the biological father of minor children ZKG and GTH, and on May 24, 2016, the Wayne County Chancery Court determined that ZKG and GTH are the only heirs at law and wrongful death beneficiaries of the decedent. *See* Exhibit [54-1]. On June 10, 2016, Letter of Administration were issued by the state court, appointing the mother of ZKG—Shaquere Myleshia Gray—and the mother of GTH—Hannah Lasha Hoze—as co-administratrices of the decedent's estate. *Id*.; Exhibit [54-2].

1

Thereafter, counsel for Gray and Hoze entered an appearance in this action and filed a Motion [54] seeking to substitute Gray and Hoze as the proper party in place of Mona Shae Miller. On November 22, 2016, the Court granted the Motion [54] and substituted Grey and Hoze as the proper Plaintiffs in place of Mona Shae Miller. *See* Order [56].

On January 31, 2016, DSMO filed the instant Motion [65], seeking to intervene in this action in order to recover "reasonable attorney's fees and monies expended during its prosecution of the present Federal Employer's Liability Act ("FELA") litigation while representing the former-proper party Plaintiff and Personal Representative, Mona Miller."

DSMO seeks to intervene as of right in this action pursuant to Federal Rule of Civil Procedure 24(a). Alternatively, DSMO seeks a permissive intervention pursuant to Rule 24(b). Federal Rule of Civil Procedure 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

According to Fifth Circuit precedent, in order to intervene as a right, a movant must meet the following four prerequisites:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Taylor Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). A movant's "[f]ailure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id*.

2

Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Even if the requirements of Rule 24(b)(1)(B) are satisfied, permissive intervention is wholly discretionary with the court. *New Orleans Public Service*, *Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984).

Approval from the Wayne County Chancery Court is required for any award of attorney fees derived from proceeds attributable to decedent's minor children. *See Foster v. Kotsakos*, 147 So. 3d 896, 898 (Miss. App. 2014; *Willing v. Estate of Benz*, 958 So. 2d 1240, 1255-56 (Miss. App. 2007). The chancery court has the authority to allocate any proceeds obtained as a result of this action. Uniform Chancery Court Rule 6.12 provides:

> Every petition by a fiduciary or attorney for the allowance of attorney's fees for services rendered shall set forth the . . . facts . . . touching his compensation, and . . . nature and effect thereof. If the petition be for the allowance of fees for recovering damages for wrongful death or injury, or other claim due the estate, the petition shall show the total amount recovered, the nature and extent of the service rendered and expense incurred by the attorney . . . . In such cases, the amount allowed as attorney's fees will be fixed by the Chancellor at such sum as will be reasonable compensation for the service rendered and expenses incurred without being bound be any contract made with any unauthorized persons.

Miss. U. Ch. Ct. R. 6.12.

DSMO may protect its interest in any proceeds in the state chancery court. Indeed, DSMO "acknowledges that it may also assert its claim in Chancery Court given that any attorney's fees affecting the interest of minors are set, finally and formally, by the Chancery Court judge." *See* Motion [65] at 2. Thus, DSMO is not entitled to intervene as a right. *See Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994) ("Intervention generally is not appropriate

3

where the applicant can protect its interests and/or recover on its claim through some other means.")

DSMO also argues that this Court should allow permissive intervention.  According to DSMO, this Court is in the best position to evaluate DSMO's *quantum meruit* claims.  The chancery court, however, may assess fees based on *quantum meruit*. *See Pannell v. Guess*, 671 So. 2d 1310, 1315 (Miss. 1996).  The chancery court is thoroughly familiar with this action as DSMO and counsel for Gray and Hoze have been before the chancellor multiple times.  The chancellor previously ruled that Gray and Hoze "are now the ones authorized by this Court to act as personal representative in pursuing the litigation for the wrongful death of Gregory Tramaine Miller." *See* Exhibit [54-1].  This Court suspended the deadlines of the initial Case Management Order [46] until the chancellor made a ruling on Mona Shea Miller's motion asking the chancery court to reconsider its ruling regarding the proper administrator of the estate. *See* Order [51].

In its discretion, the Court finds that DSMO's request for permissive intervention should be denied.  In this matter, the determination of appropriate attorneys' fees is best left to the chancery court, which can weigh the rights of the attorneys and the rights of the minors and the estate pursuant to Mississippi law.

IS IT, THEREFORE, ORDERED that the Motion to File Intervention [65] is DENIED.

SO ORDERED this the 17th day of March, 2017.

                                               s/Michael T. Parker
                                               UNITED STATES MAGISTRATE JUDGE